IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| KIEMONI BUTLER., | * | |
|---|---|---|
| Plaintiff, | * | |
| | | Civil Action No. RDB-17-3417 |
| v. | * | |
| CITIZENS BANK, N.A., | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

*Pro se* Plaintiff Kiemoni Butler ("Plaintiff" or "Butler") brings this action against Defendant Citizens Bank, N.A.,[1] ("Defendant" or "the Bank") alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, and the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code Ann., Com. Law § 14-201, *et seq.*[2] Currently pending before this Court are Plaintiff's Motion to Remand (ECF No. 14) and Defendant's Motion to Dismiss (ECF No. 16).[3] The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the following reasons, Plaintiff's Motion to Remand (ECF No. 14) is DENIED and Defendant's Motion to Dismiss (ECF No. 16) is GRANTED.

---

[1] Plaintiff named Citizens One Home Loans, which is the brand name for Citizens Bank, N.A., as the Defendant. Pursuant to Federal Rule of Civil Procedure 25(d), the Clerk of this Court is directed to substitute Defendant Citizens Bank, N.A. as the Defendant and re-caption this case.

[2] Plaintiff also asserts that he is bringing a claim under the "Maryland Fair Debt Collection Practices Act." As Defendant notes, however, there is no such statute.

[3] Also currently pending is Plaintiff's "Motion to be Heard" (ECF No. 4), Motion for Discovery (ECF No. 18), and Motion for Summary Judgment (ECF No. 3). Because this Court grants Defendant's Motion to Dismiss, these Motions are MOOT.

## BACKGROUND

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). Further, as a *pro se* Plaintiff, this Court has "liberally construed" Butler's pleadings and held them to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Alley v. Yadkin County Sheriff Dept.*, No. 17-1249, 698 F. App'x 141, 2017 WL 4415771 (4th Cir. Oct. 5, 2017).

Liberally construing Butler's pleadings, he obtained a mortgage loan from Defendant Citizens Bank, N.A., doing business as Citizen One Home Loans. (Compl., ECF No. 2.) He alleges that on October 29, 2016, he sent Defendant a written dispute of his alleged outstanding balance on his mortgage loan. (*Id.* at ¶ 3.) Subsequently, he also sent a "Notary Certificate of Dishonor and Non-Response." (*Id.*) Plaintiff alleges that although Citizens Bank did not validate his debt, the Bank continued to send him collection notices. (*Id.* at ¶ 5.) He further asserts that he sent a money order for $50.00 to the Bank that conspicuously contained the phrase "Satisfaction of all claims." (*Id.* at ¶ 6.) Plaintiff alleges that despite sending the money order, which the Bank received on January 5, 2017, the Bank issued him notices of default and intent to sue and demanded payment. (*Id.* at ¶¶ 9-10.) On October 4, 2017, Plaintiff filed suit against Defendant in the Circuit Court for Baltimore City, Maryland. (ECF No. 2.) Defendant timely removed the action to this Court based on federal question jurisdiction, pursuant to 28 U.S.C. § 1331. (ECF No. 1.)

**STANDARD OF REVIEW**

   I.   **Motion to Remand**

A defendant in a state civil action may remove the case to federal court only if the federal court can exercise original jurisdiction over at least one of the asserted claims. 28 U.S.C. § 1441(a)-(c). Once an action is removed to federal court, the plaintiff may file a motion to remand the case to state court if there is a contention that jurisdiction is defective. 28 U.S.C. § 1447(c). The party seeking removal bears the burden of establishing jurisdiction in the federal court. *Johnson v. Advance America*, 549 F.3d 932, 935 (4th Cir. 2008). On a motion to remand, this Court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Richardson v. Phillip Morris, Inc.*, 950 F. Supp. 700, 701-02 (D. Md. 1997) (citation omitted); *see also Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 815-16 (4th Cir. 2004).

   II.   **Motion to Dismiss**

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). While a complaint need not include "detailed factual allegations," it must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of

those facts is improbable and . . . recovery is very remote and unlikely." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff cannot rely on bald accusations or mere speculation. *Twombly*, 550 U.S. at 555.

In reviewing a Rule 12(b)(6) motion, a court "'must accept as true all of the factual allegations contained in the complaint'" and must "'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Hall v. DirectTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017). However, a court is not required to accept legal conclusions drawn from those facts. *Iqbal*, 556 U.S. at 678. A *pro se* plaintiff's pleadings are "to be liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Alley v. Yadkin County Sheriff Dept.*, No. 17-1249, 698 F. App'x 141, 2017 WL 4415771 (4th Cir. Oct. 5, 2017). However, even a *pro se* litigant's complaint must be dismissed if it does not allege a "plausible claim for relief." *Iqbal*, 556 U.S. at 679.

## ANALYSIS

### I. Motion to Remand

On December 5, 2017, Butler filed a Motion to Remand this case back to the Circuit Court for Baltimore City, Maryland. (ECF No. 14.) Plaintiff's Motion, however, confuses this United States District Court for the District of Maryland with the Baltimore City District Court. Accordingly, his Motion addresses the jurisdictional distinctions between Baltimore City's Circuit Court and District Court. (*Id.*) Under the "well-pleaded complaint rule" which governs the presence or absence of federal question jurisdiction, this Court clearly has

4

subject matter jurisdiction over Plaintiff's claims. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425 (1987); *Pinney v. Nokia, Inc.*, 402 F.3d 430, 442 (4th Cir. 2005). The Complaint asserts that Defendant violated three federal statutes: the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, and the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.* Because Plaintiff's claim under the Maryland Consumer Debt Collection Act is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," this Court may also exercise supplemental jurisdiction over this state law claim. 28 U.S.C. § 1367. Accordingly, this Court has federal subject matter jurisdiction over Plaintiff's claims and Plaintiff's Motion to Remand (ECF No. 14) is DENIED.

**II. Motion to Dismiss**

Butler alleges that the Bank violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, and the Maryland Consumer Debt Collection Act ("MCDCA"). He also references a Maryland statute that codified the doctrine of "accord and satisfaction." This Court addresses each claim below.

**A. Fair Debt Collection Practices Act claim**

The Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, "protects consumers from abusive and deceptive practices by debt collectors, and protects non-abusive debt collectors from competitive disadvantage." *Smith v. Cohn, Goldberg & Deutsch, LLC*, 296 F. Supp. 3d 754, 758 (D. Md. 2017) (citing *Ukaegbu v. Select Portfolio*

5

*Servicing, Inc.*, No. PWG-16-3415, 2017 WL 2930465, at *8 (D. Md. July 7, 2017)). To state a claim for relief under the FDCPA, a plaintiff must allege that "(1) [he] has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Id.* (citing *Webber v. Maryland*, No. CV RDB-16-2249, 2017 WL 86015 (D. Md. Jan. 10, 2017)).

Defendant argues that Plaintiff's FDCPA claim must be dismissed, among other reasons, because Citizens Bank, N.A. is not a "debt collector" under the statute. The FDCPA defines a debt collector as (1) "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts" or (2) "any person . . . who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6); *Ramsay v. Sawyer Prop. Mgmt. of Maryland, LLC*, 948 F. Supp. 2d 525, 531 (D. Md. 2013), *aff'd,* 593 F. App'x 204 (4th Cir. 2014). Defendant Citizens Bank is a creditor, mortgagor, or mortgage servicing company and not a debt collector under the FDCPA. *See Jesse v. Wells Fargo Home Mortg.*, 882 F. Supp. 2d 877, 879 (E.D. Va. 2012) ("Wells Fargo is a servicer of residential mortgage loans, not a debt collector and is, therefore, exempt from the FDCPA."); *see also Ademiluyi v. PennyMac Mortg. Inv. Trust Holdings I, LLC*, 929 F. Supp. 2d 502, (D. Md. 2013) (explaining that a defendant who is a creditor is not a debt collector with respect to a particular debt" and is therefore exempt under the FDCPA). Accordingly, Defendant's Motion to Dismiss is GRANTED as to Plaintiff's FDCPA claim.

### B. Fair Credit Reporting Act claim

The Bank also argues that Butler has failed to state a claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. The Complaint does not identify a specific subsection of the FCRA. Construing Plaintiff's Complaint liberally as this Court must under *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), to the extent Plaintiff is seeking relief for Defendant's alleged failure to certify his debt, there is no FCRA provision that requires the validation of a debt. Defendant also asserts that if Plaintiff is attempting to rely on § 1681s-2(b)(1), which "imposes liability on a furnisher of incorrect information to a credit reporting agency if the furnisher fails to carry out its statutory duties of investigation and correction *after* the CRA has provided notice to the furnisher of the consumer's dispute," Plaintiff does not allege that he filed a dispute with a credit reporting agency. *Green v. Southwest Credit Systems, L.P.*, 220 F. Supp. 3d 623, 625 (D. Md. 2016) (emphasis in original). Accordingly, Defendant's Motion to Dismiss is GRANTED as to Plaintiff's FCRA claim.

### C. Truth in Lending Act claim

The Complaint also references the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq*. "In adopting TILA, Congress declared that '[i]t is the purpose of this subchapter to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit.'" *Gilbert v. Residential Funding LLC*, 678 F.3d 271, 278-79 (4th Cir. 2012) (quoting 15 U.S.C. § 1601(a)). Accordingly, § 1638(a) requires a creditor to make certain material disclosures at the time a loan is made. The Complaint does not allege any facts indicating that Citizens Bank failed to make a disclosure related to his mortgage. To the extent that

Plaintiff refers in his Response to the Motion to Dismiss (ECF No. 18) to a $25.00 fee he claims that he did not know would be included in his mortgage loan payment,[4] there is a one-year statute of limitations under TILA that requires claims be brought "within one year from the date of the occurrence of the violation . . .." 15 U.S.C. § 1640(e). "The 'date of the occurrence of the violation' is the date on which the borrower accepts the creditor's extension of credit.'" *Strickland-Lucas v. Citibank, N.A.*, 256 F. Supp. 3d 616, 627 (D. Md. 2017) (quoting *Brown v. Ocwen Loan Servicing, LLC*, PJM–14–3454, 2015 WL 5008763, at *7 (D. Md. Aug. 20, 2015) *aff'd*, 639 F. App'x 200 (4th Cir. 2016)). Defendant attached Plaintiff's deed of trust, which shows that he signed the deed on April 23, 2007. (ECF No. 17-1.) Further, Plaintiff states that he learned of the fee in 2009. (ECF No. 18 at 1.) Accordingly, even if Plaintiff had properly pled a claim under TILA, the claim would be barred by the statute of limitations and Defendant's Motion to Dismiss is GRANTED as to Plaintiff's TILA claim.

### D. Maryland Consumer Debt Collection Act claim

The Maryland Consumer Debt Collection Act ("MCDCA") prohibits a debt collector from "[c]laim[ing], attempt[ing], or threaten[ing] to enforce a right with knowledge that the right does not exist." Md. Code Ann., Com. Law §§ 14-202(8). "To succeed on an MCDCA claim, a plaintiff 'must set forth factual allegations tending to establish two elements: (1) that Defendants did not possess the right to collect the amount of debt sought; and (2) that

---

[4] Generally, a court's consideration of a motion to dismiss is limited to the facts alleged in the operative pleadings and courts "may not consider any documents that are outside of the complaint, or not expressly incorporated therein." *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013); *see also Wagner v. Iames*, No. ELH-16-98, 2017 WL 772230, at *16 (D. Md. Feb. 27, 2017).

8

Defendants attempted to collect the debt knowing that they lacked the right to do so.'" *Amenu-El v. Select Portfolio Services*, No. RDB-17-2008, 2017 WL 4404428, at *4 (D. Md. Oct. 4, 2017) (quoting *Healy v. BWW Law Group, LLC*, No. PWG-15-3688, 2017 WL 281997, at *5 (D. Md. Jan. 23, 2017)). A claim brought under the MCDCA is also subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b).[5]

Construing Plaintiff's pleadings liberally, he asserts that the Bank violated the MCDCA by claiming that his mortgage amount was still due and owing even though the Bank received the $50.00 money order. As discussed in more detail below, however, Plaintiff has not pled sufficient facts to show that by sending Citizens Bank the $50.00 money order, it should have known that it did not have the right to collect on the remaining mortgage loan debt. Therefore, Plaintiff has not alleged "that defendant[] acted with knowledge that the 'debt was invalid, or acted with reckless disregard as to its validity.'" *Lembach v. Bierman*, Nos. 12-1723, 12-1746, 528 F. App'x 297 (4th Cir. 2013) (quoting *Shah v. Collecto, Inc.*, No. DCK 2004-4059, 2005 WL 2216242, at *11 (D. Md. Sept. 12, 2005)). Accordingly, Defendant's Motion to Dismiss is GRANTED as to Plaintiff's MCDCA claim.

---

[5] *See Amenu-El*, 2017 WL 4404428, at *4; *see also Adle-Watts v. Roundpoint Mortgage Servicing Corp.*, No. CCB-16-400, 2016 WL 3743054, at *5 (D. Md. July 13, 2016) ("[T]he court is not convinced that [the plaintiff] has shown, especially under the heightened pleading standard of Rule 9(b), that the defendants acted with 'actual knowledge or reckless disregard' that the debt was invalid."). Rule 9(b) of the Federal Rules of Civil Procedure requires that "the circumstances constituting fraud be stated with particularity." Fed. R. Civ. P. 9(b). The rule "does not require the elucidation of every detail of the alleged fraud, but does require more than a bare assertion that such a cause of action exists." *Mylan Labs., Inc. v. Akzo, N.V.*, 770 F. Supp. 1053, 1074 (D. Md. 1991). To satisfy the rule, a plaintiff must "identify with some precision the date, place and time of active misrepresentations or the circumstances of active concealments." *Johnson v. Wheeler*, 492 F. Supp. 2d 492, 509 (D. Md. 2007).

### E. Accord and Satisfaction

Plaintiff references Maryland Code, Commercial Law Article, § 3-311 which addresses "accord and satisfaction by use of instrument." Md. Code Ann., Comm. Law § 3-311. He refers to the $50.00 money order that he sent the Bank and asserts that Defendant has "failed to honor the instrument and provide [him] with a remedy." (ECF No. 2 at ¶ 9.) "Accord and satisfaction is an affirmative *defense* in which the *defendant* must prove" (1) a bona fide dispute as to the existence or extent of liability; (2) an agreement that one party may pay the other party a sum of money; and (3) performance of that agreement. *Parker v. Prudential Ins. Co. of America*, 900 F.2d 772, 776 (4th Cir. 1990) (emphasis added); *see also Pasternak & Fidis, P.C. v. Recall Total Information Mgmt., Inc.*, 95 F. Supp. 3d 886, 910-11 (D. Md. 2015) ("'Accord and satisfaction is a method of discharging a contract or cause of action, whereby the parties agree to give and accept something in settlement of the claim or demand of the one against the other, and perform such agreement.'" (quoting *Weston Builders & Developers, Inc. v. McBerry, LLC*, 167 Md. App. 24, 891 A.2d 430 (2006))).

Accordingly, accord and satisfaction is a defense that can be raised by a defendant, not an affirmative claim. Further, Plaintiff has not alleged any facts demonstrating that the outstanding balance on the mortgage loan, which Defendant asserts is $25,000 (ECF No. 16-1 at 2), was disputed or that the parties agreed that the $50.00 would be a satisfactory resolution of his debt. Accordingly, Butler has not pled a claim for accord and satisfaction and Defendant's Motion to Dismiss (ECF No. 16) is GRANTED.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion to Remand (ECF No. 14) is DENIED and Defendant's Motion to Dismiss (ECF No. 16) is GRANTED.

A separate order follows.

Dated: June 11, 2018

/s/

Richard D. Bennett
United States District Judge